IN RE PETITION OF THE STATE OF FLORIDA *ex rel.* DANIEL AHEARN, *Petitioner,* v. WILLIAM V. KNOTT, STATE TREASURER, *Respondent.*

After the proceeds of an escheated estate shall have been paid into the state treasury under the direction of the county judge, persons claiming to be heirs of the intestate, may, with a view to reclamation of the escheated funds, go before a court of competent jurisdiction, on petition, setting up the facts of their rights, and praying the court for an order directing an issue by which to establish their kinship and

the facts therein alleged, the state treasurer being made a party and notice thereof being given to the Attorney General. In the absence of a showing that petitioner has thus appeared and made proof of his right to the proceeds of said estate in the hands of the state treasurer the alternative writ of mandamus will be denied.

This case was decided by Division B.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*Jones & Pasco,* for petitioner.

*W. H. Ellis,* Attorney General, for the state.

PARKHILL, J.—This is an original proceeding by petition for an alternative writ of mandamus against the state treasurer to require him to order the reimbursement to the petitioner Daniel Ahearn, of the sum of $482.41, the proceeds of an escheated estate. The petition alleges that, about the year 1896 one John L. Ahearn, Jr., died intestate, in the county of Escambia, that the estate of the said Ahearn was administered upon by the sheriff of said county, and after paying all debts, the said sheriff as administrator, in accordance with the statute, paid over the proceeds of said estate remaining in his hands to the state treasurer as the proceeds of an escheated estate, amounting to the sum of $482.41. The petitioner further alleges that the said John L. Ahearn left no father, mother, brothers or sisters surviving him, nor any aunt, uncle, or first cousin other than this petitioner, that said petitioner Daniel Ahearn is the first cousin and legal heir of said John L. Ahearn, and is entitled to the proceeds of the said estate under the laws of the state of Florida. It is further alleged that, on the 11th day of June, 1906, said

petitioner filed with Wiliam V. Knott, state treasurer, proof of his relationship to the said John L. Ahearn, deceased, and demanded of the said state treasurer to pay over to petitioner the proceeds of the said estate, but the said state treasurer declined and refused to pay over the said money until said petitioner should have his right to the said money adjudicated at law.

It is urged here by brief of counsel, that the only construction to be placed on Section 2333 of the General Statutes of 1906 is, that the state treasurer should decide the question of heirship of petitioner and his right to the funds in question, and under the proof made to the treasurer, he should order the money paid out of the treasury by reporting his findings to the state comptroller, and directing him to draw a warrant for same.

Section 2321 of the General Statutes of 1906 is as follows: "Every administrator, immediately on taking out letters of administration on any estate where it is generally believed and reported that the deceased left no lawful heirs, shall cause to be published a notice in a newspaper published in the county in which the letters were granted, once each week for four consecutive weeks, containing the name of the estate, and, as near as may be, a description of his person, and of the place where he died, or was known to reside, and also a statement of the appraised amount of his estate."

Section 2322 provides for the disposition of the personal estate of intestate as follows: "Such administrator shall, after the expiration of one year from the time of taking out letters of administration, if no heir or legal representative *shall appear,* pay into the treasury of the state, under the direction of the county judge granting letters of administration, and the proceeds of the personal estate of such intestate, retaining ten percent. for his personal trouble in administering said estate, together with all actual disbursements by him

necessarily made in and about the administration of said estate; and said court shall, in directing the proceeds of said estate to be paid into the state treasury on payment of the same, cause an entry to be made of record, specifying the amount so paid into the treasury, and also the name of the intestate and of the administrator, together with a copy of the notice published (by section 2321) directed.......... Other sections of the General Statutes make similar provision for the sale of the real estate of intestate and the disposition of the proceeds of said sale."

Section 2333 provides the mode of reclamation by owner of escheated property as follows: "If any heir or legal representative of any intestate *shall appear* and prove his right to the estate after the payment of the proceeds thereof into the state treasury, as aforesaid, the treasurer shall order the money so paid into the treasury forthwith to be reimbursed to said heir or legal representative out of the state treasury."

The law controlling the question before us is, as will be noted, vague, and incomplete. It is clear, however, that the heir or legal representative of the intestate, claiming ownership of escheated funds must appear, and prove his rights to the estate or said funds, before the county judge who granted the letters of administration, and not before the state treasurer. It will be observed, that the administrator, immediately on taking out letters of administration, is required to publish a notice, in the county in which the letters were granted, containing the name of the intestate, a description of his person and of the place where he died, and a statement of the appraised amount of his estate.

The statute provides no limitation of time when the heir or legal representative of intestate shall appear and claim the estate, in response to said notice. He may appear within one year before the county judge and find

the estate in the hands of the administrator. After that time, he will find the proceeds of said estate in the state treasury, but he may still appear and prove his right to the estate. The county judge, under whose direction the proceeds have been paid into the state treasury, has a record of the name of intestate and administrator and the amount paid into the treasury and a copy of the published notice. After the proceeds of said estate shall have been paid into the state treasury under the direction of the county judge, persons claiming to be heirs of such intestate, may, with a view to reclamation of the escheated funds go before a court of competent jurisdiction, on petition, setting up the facts of their rights, as petitioner has done here, and praying the court for an order directing an issue by which to establish their kinship and the facts therein alleged, the state treasurer being made a party to said proceedings, and notice thereof being duly given to the attorney general, his legal adviser. Ex parte Richard Williams and wife and others 13 Rich. Law (S. C.) 77.

In the absence of a showing that petitioner has appeared and made his proof of his right to the proceeds of said estate as required by law, the application for the alternative writ must be denied, and it is so ordered at the cost of relator.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.